I concur with the conclusion and analysis of the majority on the indigency issue regarding costs. I also concur with the conclusion of the majority on the indigency issue regarding payment of delinquent child support as a condition of probation but for only one of the reasons set forth by the majority. I agree with the majority that the proper time to appeal the validity of probation conditions is at the time of sentencing. I, therefore, would find that the appellant has waived his right to appeal the validity of these conditions. I would limit my analysis of the child support delinquency/indigency issue to the waiver analysis, however. I limit my analysis to this because I find that R.C. 3113.04 also applies to ordering payment of delinquent child support as a condition of probation (as well as a condition of a suspended sentence which is specifically set forth in the statute.) This would mean that the appellant, as to the payment of delinquent child support as a probation condition, would have been entitled to the due process benefits of a Family Court proceeding which would determine arrearage amounts and a payment schedule on those arrearages. The Criminal Court could then make those Family Court orders a condition of probation. Assuming the payment schedule set by the Family Court was commensurate with the appellant's ability to pay, then I could easily find that those orders, as incorporated by the criminal court into probation conditions, were consistent with the rehabilitation goal of probation. I concur with the conclusion and analysis of the majority on all other issues.